**HONG–HUA LI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 07–2281.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 4, 2010.

Opinion filed: Feb. 9, 2010.

Ada E. Bosque, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, ROTH and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Hong—Hua Li has filed a petition for review of the final order by the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of Li's requests for asylum and withholding of removal. For the reasons that follow, we will deny the petition for review.

The parties are familiar with the background of this case, and so we provide only a summary of the proceedings. Li is a native and citizen of the People's Republic of China who arrived in the United States in 2004. She was placed in removal proceedings for being an alien present in the United States without being admitted or paroled after inspection by an immigration officer. *See* 8 U.S.C. § 1182(a)(6)(A)(i). She conceded removability. In February 2005, she applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on account of the fact that she is a Falun Gong practitioner, as well as the fact that she is of Korean ethnicity. The IJ held an evidentiary hearing on Li's claims on August 2, 2005.

Li was the sole witness at the hearing and testified about her involvement with Falun Gong. She stated that she was twice arrested for her Falun Gong activities while she was attending finance and accounting school. Regarding the first arrest, she stated that she was detained for about one month, during which she was interrogated, handcuffed, deprived of sleep, and given only one meal per day. She was dismissed by her school, so she traveled to Beijing by train to have the dismissal reversed and to advance the Falun Gong cause before the central government. Li stated that she was then arrest-

ed, for the second time, in August 2000. She was sent to her home city and detained for nine months. Li stated that she was punched in the face and injured with an electric baton, and that she has a twisted nose bone and broken teeth. Since her departure from China, she has had no contact with her husband, who is also a Falun Gong practitioner and who was arrested after her departure. Li did remain in contact with her parents until several months before the hearing. She stated that she feared life imprisonment if she were to return to China. In addition, Li presented the issue of a breach by the agency of the confidentiality provisions of 8 C.F.R. § 208.6. Li claimed that the violation occurred when an agency investigator contacted a Chinese notary to verify the authenticity of Li's birth and marriage certificates, which Li had submitted in support of her asylum application. The record evidence also included the agency overseas investigation report and the State Department Profile of Asylum Claims and Country Conditions for China.

On August 2, 2005, the IJ found that Li lacked credibility, denied all forms of relief, and ordered Li removed to China. The IJ also rejected Li's argument that relief was warranted concerning the claimed breach of confidentiality. On April 6, 2007, the BIA dismissed the appeal, finding that the IJ's adverse credibility determination was not clearly erroneous. The BIA relied on the discrepancies noted by the IJ concerning Li's testimony and written application about the dates of her arrests. Li had stated in her application that her second arrest had occurred in August 1999, but she testified that the date of the second arrest was in August 2000, after her discharge from school. The BIA noted that, when the IJ questioned her about the date, she responded that she did not understand, but she later changed her response when asked the same question by her attorney, stating

that the date was August 1999. Further, the BIA accorded deference to the IJ's findings concerning Li's demeanor while testifying. Specifically, the BIA cited the IJ's comments that Li's testimony was obtained in "an excruciatingly painful way" and that her responses were vague, delivered with no confidence after long delays, and with professions of being unable to understand even simple questions. The BIA also noted that Li had not established any confidentiality breach by the government.[1] This petition for review followed.

■ We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). Our review is limited to determining whether the agency's decision was supported by substantial evidence. That is, "[w]e will defer to and uphold the IJ's adverse credibility determinations if they are 'supported by reasonable, substantial, and probative evidence on the record considered as a whole,' but such findings must be based on inconsistencies and improbabilities that 'go to the heart of the asylum claim.'" *Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir.2005) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)) (internal citation omitted). We must affirm "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v.*

*Ashcroft*, 333 F.3d 463, 471 (3d Cir.2003) (citations omitted).[2]

Upon review of the record, we conclude that substantial evidence supports the adverse credibility determination. Li protests that the IJ made the adverse credibility finding based on minor inconsistencies in her testimony on matters not concerning the heart of her asylum claim, such as the date of her departure from China. However, it is evident from the BIA's decision that it did not rely on that portion of Li's testimony and instead affirmed the adverse credibility finding on other grounds, as explained above. The record does not compel a contrary finding.[3]

■ We now turn to Li's claims relating to the alleged confidentiality breach by the government. Li claims that, in verifying the authenticity of Li's notarial certificate of her birth and her marriage certificate, the government violated 8 C.F.R. § 208.6, which bars the government from disclosing information indicating "that a specific alien has applied for asylum [in the United States]" to a foreign government. Upon review of the record, we see no reason to disturb the agency's finding that Li has not shown that a breach of section 208.6 occurred. The record reflects that the government's Beijing-based investigator

**1.** The BIA further noted that Li did not challenge the IJ's rejection of her claim of persecution based on her Korean ethnicity, and that Li also did not challenge the IJ's denial of her CAT claim. Li does not pursue the CAT issue in her brief. Although Li speculates in her brief that there might have been reasons for her silence on the ethnicity issue during the hearing, including the reason that the Falun Gong issue was the more compelling issue, it appears from the record that she did not argue the claim before the BIA. We will not address these unexhausted claims. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir.2003). *See also* 8 U.S.C. § 1252(d)(1) (court may review final order of removal only if "the alien has exhausted all

administrative remedies available to the alien as of right").

**2.** Li applied for asylum before May 11, 2005, and therefore the REAL ID Act's new standard for credibility determinations does not apply to her. *Chukwu v. Attorney General of the United States*, 484 F.3d 185, 189 (3d Cir. 2007).

**3.** The BIA also concluded that the IJ was not unreasonable in noting the lack of corroborative evidence in Li's case. Because substantial evidence supports the adverse credibility finding, we need not reach Li's argument that the IJ made unreasonable demands for corroborating evidence in support of her claims.

telephoned the Helong City Notary Public Office, requesting confirmation of the validity of two registration numbers appearing on Li's documents. The Chinese notary responded that his office's records showed that the certificate numbers were for Li's marriage and her notarial certificate of birth. The investigator noted that the response matched the information conveyed in the documents. Li's arguments presume that this verification procedure resulted in a breach of section 208.6. However, we cannot conclude that the evidence supports a showing that the government revealed the type of information leading to an inference that Li had applied for asylum in the United States.[4]

In sum, we discern no reason to disturb the agency's denial of asylum and withholding of removal. We will deny the petition for review.

---

4. Moreover, when asked when the Chinese government discovered her whereabouts, Li testified that it was "when I obtained my birth notorial." Joint Appendix Vol. II at 70. By her own testimony, it seems that she attributed the Chinese government's awareness of her presence in the United States to her own actions.